The document below is hereby signed.

Signed: August 11, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
DARRYL ROSE,                   )    Case No. 09-00346
                               )    (Chapter 11)
            Debtor.            )    **Not for Publication in**
                               )    **West's Bankruptcy Reporter**

## MEMORANDUM DECISION RE MOTION TO RECONSIDER

This case began as a case under chapter 13 of the Bankruptcy Code (11 U.S.C.). The debtor's attorney seeks reconsideration of the court's order requiring him to disgorge to the Clerk of the court $750 in fees pursuant to the chapter 13 trustee's motion to disgorge fees. That order was based upon his filing the petition under Chapter 13, without adequate pre-filing inquiry as required by Fed. R. Bankr. P. 9011(b), when the debtor was ineligible to file under Chapter 13 based on the debt limitations of 11 U.S.C. § 109(e). Under § 109(e), an individual is not eligible to be a debtor under chapter 13 of the Bankruptcy Code unless, among other things, the debtor "owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less

than $1,010,650," which equates on an aggregate basis to noncontingent, liquidated debts (both unsecured and secured) of less than $1,347,550.

In a prior chapter 13 case commenced in February 2009, the same attorney filed a petition for the debtor which included a Summary of Schedules that listed liabilities owed to creditors of: $1,292,832.00 to holders of secured claims; 9,842.67 to holders of unsecured priority claims; and $607,186.69 to holders of unsecured nonpriority claims, **resulting in total liabilities listed of $1,909,861.36**. Only the Summary of Schedules was filed: schedules themselves were never filed indicating what part, if any, of the $1,909,861.36 in debts were contingent or unliquidated.

The case was dismissed on March 26, 2009, for lack of prepetition credit counseling as required by 11 U.S.C. § 109(h). On April 10, 2009, the attorney filed on behalf of the debtor a motion for reinstatement of the case. On April 23, 2009, that motion was denied pursuant to 11 U.S.C. § 521(i), which required dismissal because the debtor had failed timely to file certain documents, including the debtor's schedules. It never became necessary for the trustee to examine the issue of debt ineligibility in that case.

The petition commencing the instant case was filed on April 27, 2009. Eventually the debtor filed a Summary of Schedules

2

that reflected liabilities owed to creditors of: $1,493,554.00 to

holders of secured claims;[1] $9,842.67 to holders of unsecured

priority claims; and $406,464.69 to holders of unsecured

nonpriority claims, **resulting in total liabilities listed of**

**$1,909,861.36**, an aggregate amount of debts equal to the

aggregate amount reported on the Summary of Schedules filed with

the petition in the debtor's prior case.  The Schedules in the

instant case listed none of the debts as contingent or

unliquidated.

It is unnecessary to determine what part of a debtor's debts

are secured and what part are unsecured in determining

eligibility for a chapter 13 case under § 109(e) if the aggregate

amount of noncontingent, liquidated debts (the aggregate of all

such debts whether unsecured or secured) is equal to or exceeds

---

[1]  The Schedules themselves showed an aggregate of
$1,761,554.00 owed to creditors holding secured claims, not
$1,493,554.00, but for purposes of this decision, and without
deciding which figure is correct, I will use the lower
$1,493,554.00 figure listed in the Summary of Schedules as the
amount of liabilities owed to such creditors (that figure being
more favorable to the debtor's attorney with respect to the
eligibility issue).  Schedule D, the schedule of creditors
holding secured claims, reported that $692,554 of the $1,761,554
in claims were unsecured based on the value of the collateral
securing the claims, for secured claims based on the value of
collateral of $1,069,000 (the result of $1,761,554 less
$692,554).  That $1,069,000 was still in excess of the $1,010,650
debt limit for secured claims, and the unsecured portion of those
claims would only increase the amount of noncontingent,
liquidated unsecured claims in the case, an amount that already
exceeded the debt limit for noncontingent, liquidated unsecured
claims.

$1,347,550: a debtor is eligible to file a chapter 13 case only
if (among other things) that aggregate amount is less than
$1,347,550.  Here, the Summary of Schedules filed in the earlier
case in February 2009 showed $1,909,861.36 in aggregate debts,
and the Summary of Schedules in the instant case showed the exact
same amount of aggregate debts, thus making the debtor ineligible
to file a Chapter 13 case unless more than $562,311.36 of the
debts were contingent or unliquidated: $1,909,861.36 less the
minimum ineligibility amount of $1,347,550 of noncontingent and
liquidated debts equals $562,311.36.  That $562,311.36 amount was
more than 29 percent of the total of aggregate debts, and ought
to have been a red flag to the debtor's counsel as to the
possibility that the debtor was ineligible for chapter 13 relief.

Moreover, the amount of unsecured debts listed in the prior
case was $617,029.36 (liabilities of $9,842.67 to holders of
unsecured priority claims and of $607,186.69 to holders of
unsecured nonpriority claims).  Noncontingent, liquidated
unsecured debts of $336,900 would have made the debtor ineligible
to be a chapter 13 debtor.  Because the $607,186.69 amount
exceeded the $336,900 statutory amount by 80 percent, that should
have been a red flag to the debtor's counsel that he should make
reasonable inquiry assuring himself that at least $270,286.69 of
the unsecured debts were contingent or unliquidated.

The debtor's counsel should have made inquiry before filing

4

the prior case as to the extent of the debts that were contingent or unliquidated, and when he filed the motion for reinstatement, he similarly ought to have made that inquiry (as reinstatement ought not to have been sought if the debtor was ineligible based on the debt limits of § 109(e)). Although sanctions are not being imposed with respect to the prior case, the debtor's attorney was well aware for a long time before filing this case that the debtor had debts in an amount, that if noncontingent and liquidated, vastly exceeded the eligibility limits of § 109(e).

Before filing the petition under chapter 13 of the Bankruptcy Code, the debtor's counsel was aware of the amount of the debtor's debts, an amount that presented an obvious issue of ineligibility pursuant to the debt limitations of § 109(e). Before filing the case, he should have made inquiry of the debtor regarding the extent to which any of the debts were contingent or unliquidated. In his motion for reconsideration, he states that after filing a "bare bones" petition (that is, one without schedules), he "subsequently examined the nature of the debtor's debts (in terms of whether the debts were contingent, liquidated, or disputed)," and determined then that the debtor was ineligible to be a chapter 13 debtor. Such a post-filing inquiry does not constitute a pre-filing inquiry as required by Rule 9011(b).

The debtor's attorney had in his own possession a Summary of Schedules from the prior case listing $1,909,861.36 in debts, and

was obligated before filing the petition for the instant case to
ascertain whether those debts made the debtor ineligible under §
109(e) to be a chapter 13 debtor. He could not properly have
certified, as required by Rule 9011(b), "that to the best of
[his] knowledge, information, and belief, formed after an inquiry
reasonable under the circumstances" the petition was warranted
under § 109(e).  Sanctions under Rule 9011 were thus appropriate.

The remaining contentions raised by the debtor's attorney,
in his motion and in his reply to the trustee's opposition, to
the extent that those contentions address the issue of whether
sanctions were properly imposed under Rule 9011, were not
previously raised, and are frivolous in any event.  Even in a
dismissed case, a court may impose Rule 9011 sanctions on motion
of the chapter 13 trustee, and it follows that in a case
converted to chapter 11 she may pursue such sanctions as well.
In any event, the court has authority to impose sanctions even if
a motion had not been filed.  Prejudice to creditors is not
required before Rule 9011 sanctions may be imposed, and, in any
event, creditors were prejudiced by the debtor's unauthorized
sojourn in chapter 13 which delayed the start of the debtor's
being subjected to the strictures of a chapter 11 case
(including, for example, the limited time within which the debtor
has an exclusive right to file a plan).  Finally, the trustee's
motion adequately identified Rule 9011 as a source of authority

6

for seeking sanctions, and identified ineligibility under §

109(e) as a basis upon which Rule 9011(b) was violated (by

stating that she was moving "this Court pursuant to 11 U.S.C. §

329 and Bankruptcy Rule 9011 to review and disgorge all

attorney's fees paid to the debtor's counsel" and by alleging a

"flagrant disregard of the Bankruptcy Rules and eligibility

issues" and noting that this case was filed "with admitted

secured and unsecured debt limit ineligibility on petition

date").

An order follows denying the motion to reconsider.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee; Office
of U.S. Trustee.